IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| NANCY KELSEY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-cv-14302 |
| | ) | |
| v. | ) | |
| | ) | |
| GC SERVICES, LP., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, NANCY KELSEY, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, GC SERVICES, LP., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NANCY KELSEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Cleveland, County of Cuyahoga, State of Ohio.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to the United States Department of Education (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed United States Department of Education was for a student loan which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GC SERVICES, LP., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan and Ohio.  Defendant's principal place of business is located in the State of Michigan.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about July 30, 2014, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. Shortly thereafter, Plaintiff received the correspondence from Defendant, dated July 30, 2014.

16. The correspondence Defendant sent to Plaintiff, dated July 30, 2014, was Defendant's initial communication with Plaintiff relative to the Debt.

17. In the correspondence sent to Plaintiff by Defendant, dated July 30, 2014, Plaintiff was informed "[u]nless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm. If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or obtain a copy of a judgment against you, and we will mail such verification to you. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor."

18. Within thirty (30) days of the receipt of Defendant's July 30, 2014 letter, Plaintiff sent a written correspondence to Defendant.

19. Defendant received Plaintiff's correspondence that was sent within thirty (30) days of the receipt of Defendant's July 30, 2014 letter.

20. Defendant received Plaintiff's correspondence, that was sent within thirty (30) days of the receipt of Defendant's July 30, 2014 letter.

21.     In said correspondence sent by Plaintiff to Defendant, Plaintiff stated that her correspondence was being sent in response to a letter received from Defendant, dated July 30, 2014.

22.     In the aforesaid correspondence sent by Plaintiff to Defendant, Plaintiff stated that the Debt was disputed.

23.     In the aforesaid correspondence sent by Plaintiff to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

24.     Prior to on or about September 15, 2014, Defendant had received a copy of Plaintiff's aforesaid correspondence.

25.     On or about September 15, 2014, Defendant responded to Plaintiff by sending correspondence purporting to provide validation information regarding the Debt.

26.     The Defendant's response sent on or about September 15, 2014, merely contained an envelope stuffed with multiple pages of documents appearing to be a portion of an application for a student loan.

27.     In its aforesaid correspondence sent on or about September 15, 2014, Defendant failed to identify from whom the communication was being sent.

28.     In its aforesaid correspondence sent on or about September 15, 2014, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt.

29.     In its attempts to collect the debt allegedly owed by Plaintiff to the United States Department of Education, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

      b. Using written communication which creates a false impression as to its source in violation of 15 U.S.C. §1692e(9);

      c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NANCY KELSEY, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a. All actual compensatory damages suffered;

      b. Statutory damages of $1,000.00;

      c. Plaintiff's attorneys' fees and costs;

      d. Any other relief deemed appropriate by this Honorable Court.

                                                      Respectfully submitted,
                                                      **NANCY KELSEY**

                                  By:    s/ Larry P. Smith
                                        Attorney for Plaintiff

Dated: November 6, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:  lsmith@smithmarco.com